FILED
United States Court of Appeals
Tenth Circuit

September 26, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KATHERINE L. MELOT,

Defendant-Appellant,

and

BILLY R. MELOT; KLM TRUST;
LEIGH CORPORATION; SUZANNE
CORPORATION; MIRROR FARMS
INC.; C.D. EXPRESS, INC.,

Defendants.

No. 13-2225
(D.C. No. 2:09-CV-00752-JCH-WPL)
(D. N.M.)

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BILLY R. MELOT,

Defendant-Appellant,

and

KATHERINE L. MELOT; KLM TRUST;
LEIGH CORPORATION; SUZANNE
CORPORATION; MIRROR FARMS,
INC.; C.D. EXPRESS, INC.,

No. 13-2226
(D.C. No. 2:09-CV-00752-JCH-WPL)
(D. N.M.)

Defendants.

## ORDER DISMISSING APPEALS AS MOOT

Before **HARTZ**, **BALDOCK**, and **BACHARACH**, Circuit Judges.

Katherine L. Melot and Billy R. Melot appeal from the district court's December 9, 2013, Order Confirming Judicial Sale of Real Properties and Equipment. But no sale closed within the thirty-day period set in that order. On August 4, 2014, this court ordered the parties to inform the court of the status of the proposed sale and to show cause why these appeals should not be dismissed as moot.

The United States' response submits that the district court issued an amended confirmation order on June 30, 2014, the sale closed on July 21, 2014, and these appeals should be dismissed for lack of jurisdiction because they are moot. The Melots' joint response asserts that the sale was procedurally deficient.

"In general, a federal court cannot give opinions absent a live case or controversy before it. A case is moot when it is impossible for the court to grant any effectual relief whatever to a prevailing party." *Office of Thrift Supervision v. Overland Park Fin. Corp. (In re Overland Park Fin. Corp.)*, 236 F.3d 1246, 1254 (10th Cir. 2001) (citation and internal quotation marks omitted). As acknowledged by the United States, the December 9, 2013, confirmation order is a nullity; no sale occurred under the authority of that order. Instead, the sale was closed under the authority of the June 30, 2014, amended confirmation order. The Melots have

- 2 -

appealed from the amended confirmation order (appeal No. 14-2120), and their arguments regarding the validity of the order and sale can be raised in that appeal. This court can grant no effectual relief in the instant appeals.

The Melots' separate motions for leave to proceed on appeal without prepayment of costs or fees are granted. The appeals are dismissed as moot.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk